United States District Court
Southern District of Texas

**ENTERED**

January 09, 2017

David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 2:15-CR-512-3 |
| | § | CIVIL ACTION NO. 2:16-CV-325 |
| ROSA ORALIA GUERRERO; aka ROSIE | § | |

## MEMORANDUM OPINION & ORDER

Pending before the Court is Defendant/Movant Rosa Oralia Guerrero's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. D.E. 129. Movant seeks a sentence reduction under Amendment 794 to the Sentencing Guidelines based on her allegedly minor role. The United States has moved to dismiss this action on the grounds that Movant waived her right to collaterally attack her sentence and the issue she raises is not cognizable under 28 U.S.C. § 2255. D.E. 140. For the reasons stated below, Movant's § 2255 motion is **DENIED**.

### I. Background

On June 10, 2015, Movant was charged with conspiracy to possess with intent to distribute more than 1,000 kilograms of marijuana in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A). On September 3, 2015, Movant entered into a plea agreement with the Government in which she waived her right to appeal or collaterally attack her conviction or sentence. During rearraignment before the Magistrate Judge, Movant acknowledged that she had read the indictment, and she understood the charge and had discussed it with her attorney. Rearraignment Tr., D.E. 136, pp. 10–11. She also identified the plea agreement she signed and testified that she discussed it with her

attorney before she signed it. *Id.*, p. 9. The Magistrate Judge reviewed Movant's waiver of her right to appeal or collaterally attack her conviction or sentence. *Id.*, pp. 29–30. Movant testified that she understood her rights and her waiver, and that she and her attorney had gone over the waivers before she signed the plea agreement. *Id.*, pp. 30–31.

The Magistrate Judge advised Movant of the minimum punishment of 10 years' imprisonment and the maximum punishment of life, followed by supervised release of 5 years up to life; a fine of up to $10,000,000; and a special assessment of $100. *Id.*, p. 19–20. Movant was advised that her guideline punishment range would be based upon the present offense and her criminal history using the Sentencing Guidelines. *Id.*, pp. 23–24. She testified that she understood. *Id.*, p. 24. Movant further testified that her decision to plead guilty was voluntary and that she had not been promised leniency or forced to plead guilty. *Id.* The Government outlined the facts it relied upon to charge Movant with conspiracy to possess with intent to distribute marijuana, and Movant agreed with the recitation. *Id.*, pp. 36–51. This Court accepted the Findings and Recommendation on Plea of Guilty and ordered the Probation Office to prepare a Presentence Investigation Report. D.E. 73.

Movant's base offense level, based on 5,150.8 kilograms of marijuana, was 32. She received a two-level enhancement pursuant to U.S.S.G. § 3B1.1(b) because she was a manager or supervisor and the criminal activity involved more than five participants and was extensive. Her criminal history category was I, resulting in a guideline range of 168 to 210 months' imprisonment.

At Movant's December 15, 2015 sentencing, the Court granted a three-level credit for acceptance of responsibility and a leadership role adjustment of two levels instead of three. This established a guideline sentence of 108 to 135 months' imprisonment; however, under the statutory minimum, Movant's guideline became 120 to 135 months. The Court adopted the PSR as modified and sentenced Movant to the mandatory minimum 120 months, to be followed by 5 years' supervised release. Judgment was entered the same day. Movant did not appeal.

The judgment became final on January 1, 2016. Movant filed the present motion under 28 U.S.C. § 2255 on July 28, 2016. It is timely.

## II. Movant's Allegations

Movant's § 2255 motion raises one claim: she is entitled to a sentence reduction under Amendment 794 to the United States Sentencing Guidelines.

## III. Analysis

### A. 28 U.S.C. § 2255

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Section 2255 relief "is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on

direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).

### B. Amendment 794

On November 1, 2015, the United States Sentencing Commission issued Amendment 794, which amended the commentary to U.S.S.G. § 3B1.2 to clarify the factors a district court should consider in making a determination of minor or mitigating role. Defendant asserts that Amendment 794 allows the Court to reduce her sentence based on minor role. The relief Movant seeks is available, if at all, under 18 U.S.C. § 3582.

A federal court generally "may not modify a term of imprisonment once it has been imposed." *Dillon v. United States*, 560 U.S. 817, 819 (2010). However, Congress allowed an exception to that rule "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); *see also Freeman v. United States*, 564 U.S. 522, 526–27 (2011) (reciting standard for sentence modifications). Such defendants are entitled to move for retroactive modification of their sentences. *Freeman*, 564 U.S. at 527. However, a sentence reduction is only permitted if it is consistent with the policy statements issued by the Sentencing Commission, which are found in § 1B1.10 of the Sentencing Guidelines. *See* 18 U.S.C. § 3582(c)(2); *United States. v. Boe*, 117 F.3d 830, 831 (5th Cir. 1997).

Movant was sentenced on December 15, 2015—after Amendment 794 became effective. Thus, U.S.S.G. § 3B1.2 was not *subsequently* lowered by the Sentencing

Commission. Moreover, Amendment 794 did not alter the mandatory minimum sentence for Movant's crime. Accordingly, Movant is not entitled to relief under 18 U.S.C. § 3582.

### B. Enforcement of Waiver

To the extent Movant's § 2255 motion may be construed to argue that the Court improperly failed to consider the Amendment 794 factors at sentencing, the Government argues that Movant's claims are barred by her waiver to collaterally attack her sentence based upon the terms of her plea agreement. The burden to demonstrate that her plea and waiver should not be enforced is on Movant; however, her § 2255 motion did not address her waiver, and she did not respond to the Government's motion to dismiss.

Movant does not challenge her guilty plea. The record supports a finding that it was knowing and voluntary. As set forth above, she was questioned at rearraignment regarding her understanding of the charges against her and was informed of the minimum and maximum punishments, and she swore she was not promised leniency for her plea or forced to plead guilty. She was also questioned regarding the plea agreement and her waiver of her right to appeal and/or file a § 2255 motion. Movant testified she understood the plea agreement and understood that she was waiving these rights.

Courts give great weight to a defendant's statements during the plea colloquy. *Blackledge v. Allison*, 431 U.S. 63, 73 (1977) ("Solemn declarations in open court carry a strong presumption of verity."); *United States v. Cothran*, 302 F.3d 279, 283–84 (5th Cir. 2002); *United States v. Abreo*, 30 F.3d 29, 31 (5th Cir. 1994) (placing great weight on defendant's statements during plea). Movant's testimony that she understood she was waiving her right both to appeal (except under certain circumstances) and to file any §

2255 motion is all that is required for her waiver to be enforceable. *See United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994) ("[A] defendant can waive his right to appeal as part of a plea agreement if the waiver is informed and voluntary").

The Court finds that Movant's plea agreement and her waiver of § 2255 rights contained therein are valid and enforceable. Her claim that she is entitled to minor role falls within the scope of her waiver and is barred from consideration.

## IV. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Guerrero has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 Rules.

A certificate of appealability (COA) "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the

issues presented deserved encouragement to proceed further. *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon *Slack*, 529 U.S. at 483–84).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484 (emphasis added).

Based on the above standards, the Court concludes that Movant is not entitled to a COA. That is, reasonable jurists could not debate the Court's resolution of her claims, nor do these issues deserve encouragement to proceed. *See Jones*, 287 F.3d at 329.

## V. Conclusion

For the reasons stated herein, the Government's motion to dismiss (D.E. 140) is **GRANTED**, and Movant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (D.E. 129) is **DENIED**.

ORDERED this 9th day of January, 2017.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE